1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TALAT MOHAMED KABIL,

11             Plaintiff,                No. 2:08cv0775-FCD-JFM (PC)

12        vs.

13   JOHN MCGINESS, et al.,

14             Defendants.               <u>ORDER</u>

15   _____/

16             Plaintiff is pending deportation and is presently being held at the Kern County

17   Detention Facility (Lerdo) in Bakersfield, California.  <u>See</u> <u>Kabil v. Gonzalez, et al.</u>, CIV S-07-

18   0553 WBS KJM P (docket no. 27, Ex. 1).[1]  In this action, plaintiff is proceeding pro se and in

19   forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On April 11, 2008,

20   the instant action was transferred to the Sacramento Division; plaintiff's complaint was filed on

21   December 14, 2007.

22             The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25

26        [1]  A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>,
     803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

                                        1

1  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

3  U.S.C. § 1915A(b)(1),(2).

4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

6  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10  Cir. 1989); Franklin, 745 F.2d at 1227.

11        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

12  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14  Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

15  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

16  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

17  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

18  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

20  v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

21  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

22  court must accept as true the allegations of the complaint in question, Erickson, id., and construe

23  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

24  (1974).

25  /////

26  /////

2

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12   Moreover, supervisory personnel are generally not liable under § 1983 for the

13   actions of their employees under a theory of respondeat superior and, therefore, when a named

14   defendant holds a supervisorial position, the causal link between him and the claimed

15   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

16   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

17   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

18   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19   Cir. 1982).

20   Plaintiff's complaint is 77 pages long and names 35 defendants.  On the front

21   page of his complaint, plaintiff included defendants from the Fresno Division, but in the body of

22   the complaint, plaintiff raises allegations only as to defendants residing in the Sacramento

23   Division.[2]  From pages 7 to 21, plaintiff recites a litany of offenses from June 17, 2005 to March

24   27, 2006, where defendants allegedly committed against him, ranging from depriving him of a

25
26   [2]  Indeed, plaintiff has a civil rights action pending against defendants at the Kern County
     Jail.  CIV F-08-0281 OWW SMS P.

1   mattress and blankets for one night, to only providing him ten minutes in the day room when he

2   should have received an hour.  Plaintiff raises 19 separate counts which the court will address

3   seriatim, unless the subject matter warrants addressing certain counts together.

4          In count 1, plaintiff contends he was housed in punitive maximum security floor

5   8W205 for almost eleven months based on his religion and race.  However, inmates do not have

6   a constitutional right to be housed at a particular facility or institution or to be transferred, or not

7   transferred, from one facility or institution to another.  Olim v. Wakinekona, 461 U.S. 238, 244-

8   48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517,

9   519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a constitutional right to any particular

10  classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d

11  1316, 1318 (9th Cir. 1987).  Alleged deprivations of rights arising from prison officials' housing

12  and classification decisions do not give rise to a federal constitutional claim encompassed by the

13  Fourteenth Amendment.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  State statutes and

14  regulations give rise to an interest protected by the Fourteenth Amendment only where the

15  restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in

16  relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 483 (1995).

17  Inmates have no federal constitutional right to particular procedures established by state law.

18  Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986).  On the basis of these

19  authorities, the court finds that plaintiff's allegations concerning classification, housing and day

20  room use fail to state a Fourteenth Amendment claim upon which relief may be granted.  Plaintiff

21  should omit this claim from his amended complaint.

22          In count 2, plaintiff contends that defendants Parker and Barons failed to provide

23  him any furnishings in his cell except a toilet on his first day of incarceration.  (Complt. at 22.)

24  Plaintiff states he was without a mattress, blanket or sheet for more than 14 hours.  (Complt. at

25  7.)  In count 5, plaintiff alleges that "as a result of being deprived to retrieve his clothes and

26  forcibly slept a night in a cold cell without it."  (Complt. at 25.)  In count 8, plaintiff contends he

1  was deprived of his shoes.  In count 15, plaintiff contends he was "deprived changing his clothes

2  several times."  (Complt. at 35.)

3          Plaintiff's Eighth Amendment claims are grounded on that amendment's

4  prohibition of cruel and unusual punishment.  The Constitution imposes on prison officials a duty

5  to provide humane conditions of confinement; officials must ensure that inmates receive

6  adequate food, clothing, shelter, and medical care, and must take reasonable measures to

7  guarantee the safety of inmates.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984).  However,

8  "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to

9  Eighth Amendment scrutiny. . . ."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  Only

10  "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden

11  by the Eighth Amendment.  <u>Id.</u> at 319; <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v.</u>

12  <u>Gamble</u>, 429 U.S. 97, 105-06 (1976).  "It is obduracy and wantonness, not inadvertence or error

13  in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments

14  Clause."  <u>Whitley</u>, 475 U.S. at 319.

15          Moreover, the Constitution "does not mandate comfortable prisons," and prison

16  conditions may be "restrictive and even harsh."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 349

17  (1981).  The Eighth Amendment requires neither that prisons be comfortable nor that they

18  provide every amenity that one might find desirable.  <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th

19  Cir. 1982), <u>on</u> <u>appeal</u> <u>after</u> <u>remand</u>, <u>Hoptowit v. Spellman</u>, 753 F.2d 779 (9th Cir. 1985).

20  Restricted living conditions on a limited basis do not support a claim of cruel and unusual

21  punishment.  <u>Id.</u>

22          The complaint fails to state an Eighth Amendment violation on the facts presented

23  in counts 2, 5 and 8.[3]  In addition, plaintiff included statements that defendants "deprived

24  _____

25          [3]  With regard to count 8, in one of plaintiff's County Jail Message Requests, he states he
"tossed [his] sport shoes in the Control Area after the incident and can't get other ones."
(Complt., Ex. 12.)  On March 11, 2006, plaintiff's message noted it was his second request to get

26  shoes since deputy J. Miller took his shoes on 2/16/06.  (Complt., Ex. 13.)  On 2/24/06, INS

1   plaintiff of his right to due process and equal protection."  Plaintiff did not identify how their

2   failure to provide certain items violated his right to due process and equal protection.  Plaintiff

3   will be granted leave to amend his complaint to more fully articulate these claims, provided there

4   is a factual basis to support such an Eighth Amendment violation.  Count 15 fails to state a

5   constitutional violation and should be omitted from any amended complaint.

6          In count 3, plaintiff attempts to raise a claim under the Religious Land Use and

7   Institutionalized Persons Act ("RLUIPA"), by stating "As a result of inability to keep his diet in

8   accordance with dietary of his religion, defendants Deputy Mrozinski and Ms. Gallagher

9   burden[ed] plaintiff's freedom to exercise his religion." (Complt. at 23.)  However, plaintiff

10  failed to articulate what actions or failures to act these defendants took part in that allegedly

11  resulted in his inability to keep his diet.  Plaintiff will be granted leave to amend his complaint to

12  more fully articulate this claim.[4]

13         In count 4, plaintiff alleges he was maliciously assaulted, but does not identify his

14  assailants.[5]  (Complt. at 24.)  Plaintiff then alleges that defendants Card and Bartisan acted under

15  color of state law and "raise[d] to level of deliberate indifference to threat[en] plaintiff of serious

16  harm in the future."  (Id.)  In count 6, plaintiff alleges the assault resulted in injuries that inflicted

17  "extreme harm and pain."  (Complt. at 26.)  Plaintiff alleges defendants Miller, Peterson,

18  Kacalok and Doe acted under color of law, but failed to articulate what actions these defendants

19

20  officer gave plaintiff shoes.  (Id.) On March 10, 2006, deputy took his shoes downstairs while he
    checked plaintiff out after court and said, "I'll give one" but "hasn't happened yet."  (Id.)

21      [4]  In count 3, plaintiff also included an allegation that defendant Mrozinski unreasonably
22  searched plaintiff's cell and read his legal paperwork.  Plaintiff is advised that the United States
    Supreme Court has long determined "that prisoners have no legitimate expectation of privacy,
    and that the Fourth Amendment's prohibition on unreasonable searches does not apply in [a]
23  prison cell. . . ." Hudson v. Palmer, 468 U.S. 517, 530, 104 S.Ct. 3194 (1984).

24      [5]  Although plaintiff mentions various incidents of excessive force earlier in his complaint
25  (at 7-20), the court was unable to discern one that involved defendants Card and Bartisan.  This
    was made more difficult as plaintiff omitted all dates from the "Counts" portion of his complaint.
    (Id. at 21-48.)  It would assist the court if plaintiff would include his factual allegations within
26  the count alleged rather than separating them.

1  took that resulted in a deprivation of plaintiff's constitutional rights.  (Id.)  In count 9, plaintiff

2  states that as a result of being assaulted, his head was shoved into the wall, which inflicted

3  "swelling and worsening head pain."  (Complt. at 29.)  Although plaintiff alleges defendant

4  Kalalek acted under color of law, plaintiff failed to specifically state who shoved his head into

5  the wall or clarify whether the head-shoving was part of the assault or whether it was committed

6  by a prison guard during or after the assault.  (Id.)

7           Plaintiff has failed to sufficiently identify the nature of claims 4, 6 and 9.  It is

8  unclear whether plaintiff is alleging that defendants assaulted him or whether defendants failed to

9  protect plaintiff from an assault.  In count 6, plaintiff also alleged that "gross negligence and

10  reckless[ness] deprived plaintiff of his due process and equal protection of law."  (Id.)  Plaintiff

11  is cautioned that acts of negligence will not support an Eighth Amendment violation.  Plaintiff is

12  required to prove deliberate indifference on the part of defendants.  Plaintiff will be granted leave

13  to amend his complaint to set forth facts supporting this claim, provided they rise to the level of

14  an Eighth Amendment violation.[6]

15

16  [6] It is unclear whether plaintiff is attempting to raise claims of excessive force.
"[W]henever prison officials stand accused of using excessive physical force in violation of the
Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

17  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  In determining whether the use of

18  force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic
purpose of causing harm, a court may evaluate the need for application of force, the relationship

19  between that need and the amount of force used, the extent of any injury inflicted, the threat
reasonably perceived by the responsible officials, and any efforts made to temper the severity of a

20  forceful response.  Id. at 7; LeMaire v. Maass, 12 F3d 1444, 1454 (9th Cir. 1993).

21  It is not necessary that a prisoner have suffered significant injury in order to prevail on an
Eighth Amendment claim for use of excessive force.  Hudson, 503 U.S. at 9.  However, the

22  scope of the Eighth Amendment is not without limitation:  The Eighth Amendment necessarily
excludes from constitutional recognition de minimis uses of force, provided that the use force is

23  not of a sort repugnant to the conscience of mankind.  Id. at 9-10.  Although a prisoner may
believe that his rights were violated, "not every push or shove . . . violates [his] constitutional

24  rights."  Id. at 9 (citation omitted).  The Ninth Circuit has held that allegations of injury without
medical records or other evidence of injury are insufficient to establish excessive force claim

25  under the Fourth Amendment.  Arpin v Santa Clara Valley Transp. Agency, 261 F.3d 912, 922
(9th Cir.2001).  Such a de minimis injury strongly suggests a de minimis use of force, not

26  actionable under the Eighth Amendment.  See, e.g., Warren v. Westchester County Jail, 106
F.Supp.2d 559, 569 (S.D. N.Y. 2000) (applying Hudson, 503 U.S. at 9-10).

1      In count 7, plaintiff alleges defendants Miller, Peterson, Kacalek and Doe were

2  deliberately indifferent to his serious medical needs after plaintiff was assaulted.  Plaintiff alleges

3  these defendants deprived plaintiff of medical attention which resulted in causing his elbows to

4  bleed, bruises to his cheeks, face and hands, which "inflicted extreme pain."  (Complt. at 27.)

5      In order to state a § 1983 claim for violation of the Eighth Amendment based on

6  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

7  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

8  Such a claim has two elements; "the seriousness of the prisoner's medical need and the nature of

9  the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

10      "The government has an obligation under the Eighth Amendment to provide

11  medical care for those whom it punishes by incarceration."  Lopez v. Smith, 203 F.3d 1122, 1131

12  (9th Cir. 2000).  "But not every breach of that duty is of constitutional proportions.  In order to

13  violate the Eighth Amendment proscription against cruel and unusual punishment, there must be

14  a 'deliberate indifference to serious medical needs of prisoners.'"  Lopez, 203 F.3d at 1131

15  (quoting Estelle, 429 U.S. at 104.)

16      A medical need is "serious" "if the failure to treat the prisoner's condition could

17  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin,

18  at 1059 (quoting Estelle, 429 U.S. at 104).  Examples of indications of a serious medical need

19  include "[t]he existence of an injury that a reasonable doctor or patient would find important and

20  worthy of comment or treatment; the presence of a medical condition that significantly affects an

21  individual's daily activities; or the existence of chronic and substantial pain."  McGuckin, 974

22  F.2d at 1059-60.

23      Plaintiff must also allege facts that defendant responded to the serious medical

24  need with deliberate indifference.  Deliberate indifference may be shown "when prison officials

25  deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in

26  which prison physicians provide medical care."  Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir.

8

1988).  Where the claim is based on a delay in treatment, "a prisoner can make 'no claim for deliberate medical indifference unless the denial was harmful.'"  McGuckin at 1060 (quoting Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per curiam)).  The harm caused by the delay need not, however, be "substantial."  McGuckin at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also citing Hudson v. McMillian, 503 U.S. 1, 5-10).

As pleaded, the court is unable to determine whether plaintiff has stated an Eighth Amendment claim based on deliberate indifference to a serious medical need.  Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Plaintiff's allegations do not clearly demonstrate that each named defendant knew of and disregarded an excessive risk to plaintiff's health.  Accordingly, this claim will be dismissed with leave to amend.

In count 10, plaintiff alleges defendant Kacalek used excessive force against plaintiff in violation of the Eighth Amendment.  In count 12, plaintiff alleges defendant Al Maiger used excessive force against plaintiff in violation of the Eighth Amendment.  These counts state a cognizable constitutional violation and should be included in plaintiff's amended complaint.

In count 11, plaintiff generally alleges he was "terrorized and threatened" by a "bigoted custodian."  (Complt. at 31.)  Plaintiff contends defendant McEntire acted under color of state law, but does not specifically allege what actions defendant McEntire took that violated the Eighth Amendment.

An allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of

1  profanity violate the Eighth Amendment).  Count 11 does not raise a cognizable claim for

2  violation of the Eighth Amendment and should not be included, without more, in any amended

3  complaint.

4         In count 13, plaintiff alleges defendant Al Maiger deprived plaintiff of his

5  medication and his Ramadan meals in violation of RLUIPA.

6         The Religious Land Use and Institutionalized Persons Act of 2000 provides:

7         No government shall impose a substantial burden on the religious
          exercise of a person residing in or confined to an institution . . .,
8         even if the burden results from a rule of general applicability,
          unless the government demonstrates that imposition of the burden
9         on that person-

10        (1) is in furtherance of a compelling government interest; and

11        (2) is the least restrictive means of furthering that compelling
          government interest.

12

13  42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants

14  substantially burdened the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d

15  989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that "any

16  substantial burden of [plaintiff's] exercise of his religious beliefs is both in furtherance of a

17  compelling governmental interest and the least restrictive means of furthering that compelling

18  governmental interest."  Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor

19  of protecting an inmate's right to exercise his religious beliefs."  Id.

20        While plaintiff may be able to state a cognizable RLUIPA claim, as presently

21  pleaded, plaintiff has failed to provide sufficient facts to so demonstrate.  Count 13 will be

22  dismissed with leave to amend.

23        In count 14, plaintiff alleges he was deprived feeding for two days.

24        The Constitution imposes on prison officials a duty to provide humane conditions

25  of confinement; officials must ensure that inmates receive adequate food, clothing, shelter, and

26  medical care, and must take reasonable measures to guarantee the safety of inmates.  Hudson v.

1   Palmer, 468 U.S. 517, 526-27 (1984).  "Adequate food is a basic human need protected by the

2   Eighth Amendment. Hoptowit v. Ray, 682 F.2d at 1246. While prison food need not be 'tasty or

3   aesthetically pleasing,' it must be 'adequate to maintain health.'  LeMaire [v. Maass], 12 F.3d

4   [1444] at 1456 [(9th Cir. 1993)]."  Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).  In

5   LeMaire, the United States Court of Appeals for the Ninth Circuit noted that "[i]n Hutto v.

6   Finney, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 2571-72 (1978), the Supreme Court observed that

7   serving inmates a tasteless food concoction called 'grue,' which provided only 1000 calories a

8   day, might be unconstitutional if served for long periods," specifically, "'a diet of "grue" might

9   be tolerable for a few days and intolerably cruel for weeks or months.'"  LeMaire, 12 F.3d at

10   1456 (quoting Hutto, 437 U.S. at 686-87.)

11          An Eighth Amendment claim has two components:  an objective component,

12   which requires proof of a "sufficiently serious" deprivation, and a subjective component, which

13   requires proof that the defendant acted with a culpable state of mind.  LeMaire, 12 F.3d at 1451.

14   To prevail on his Eighth Amendment claim, "plaintiff must prove a denial of 'the minimal

15   civilized measure of life's necessities,' Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392,

16   2399 (1981), occurring through 'deliberate indifference' by prison personnel or officers, Wilson

17   v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 2326-27 (1991) (citations omitted)."  Keenan v.

18   Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).  Deliberate indifference is shown where there is a proof

19   that a prison "official knows of and disregards an excessive risk to inmate health or safety;  the

20   official must both be aware of facts from which the inference could be drawn that a substantial

21   risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S.

22   825, 837 (1994).  However, "an Eighth Amendment claimant need not show that a prison official

23   acted or failed to act believing that harm actually would befall an inmate; it is enough that the

24   official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at

25   841.

26   /////

1    Plaintiff has failed to plead sufficient facts to determine whether this two day

2 deprivation states a cognizable claim against defendants Painter and Ball.  Count 14 will be

3 dismissed with leave to amend.

4    In count 16, plaintiff alleges that defendants violated his due process rights by

5 "tossing" inmate grievances.  (Complt. at 36.)  These allegations may state a cognizable claim for

6 interference with plaintiff's right of access to the courts if plaintiff can allege facts which show

7 that the grievances presented facts which supported cognizable claims for relief in court.  See

8 Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The right of meaningful access to the

9 courts extends to established prison grievance procedures.")  Plaintiff should only include these

10 allegations in an amended complaint if he can make the latter showing.

11    In counts 17 and 18, plaintiff alleges certain defendants failed to supervise or

12 control deputies from conspiring to violate his constitutional rights or supervise and compel jail

13 officials to comply with federal and state standards.[7]  These claims are based on a theory of

14 respondeat superior and fail to state a cognizable civil rights claim.  As noted above, vague and

15 /////

16

17    [7] In count 17, plaintiff also alleges certain defendants failed to instruct plaintiff on how to
proceed after a grievance went unanswered.  (Complt. at 37.)  There is no constitutional right to a
prison administrative appeal or grievance system.  See Mann v. Adams, 855 F.2d 639, 640 (9th
18 Cir.1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); accord Wolff v. McDonnell,
418 U.S. 539, 565, 94 S.Ct. 2963 (1974) (accepting Nebraska system wherein no provision made
19 for administrative review of disciplinary decisions).  California Code of Regulations, title 15
section 3084 grants prisoners in the state prisons a purely procedural right to bring an appeal.
20 Basically, the regulations require the establishment of a procedural structure for reviewing
prisoner complaints but set forth no substantive standards.  Instead, they provide for flexible time
21 limits, see Cal.Code Regs. tit. 15, § 3084.6, and the general protection that "no reprisal shall be
taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  As noted, a provision
22 that merely provides procedural requirements, even if mandatory, cannot form the basis of a
constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th
23 Cir.1993); see also Antonelli, 81 F.3d at 1430 (holding prison grievance procedure is procedural
right that does not give rise to protected liberty interest requiring procedural protections of Due
24 Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (same); Azeez v.
DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) (same).  Accordingly, a prison official's failure to
25 process grievances, without more, is not actionable under § 1983.  See Buckley, 997 F.2d at 495.
Plaintiff's allegation may be relevant to the question of whether he has exhausted his
26 administrative remedies but does not, on its own, state a cognizable civil rights claim.

1  conclusory allegations concerning the involvement of official personnel in civil rights violations

2  are not sufficient.  Plaintiff should omit counts 17 and 18 from any amended complaint.

3       In count 19, plaintiff alleges that he was forced to eat pork, in violation of his

4  religious diet, in order to survive.  This states a cognizable Eighth Amendment claim and should

5  be included in plaintiff's amended complaint.

6       The court finds the allegations in plaintiff's complaint so vague and conclusory

7  that it is unable to determine whether the current action is frivolous or fails to state a claim for

8  relief.  The court has determined that the complaint does not contain a short and plain statement

9  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

10  policy, a complaint must give fair notice and state the elements of the claim plainly and

11  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

12  must allege with at least some degree of particularity overt acts which defendants engaged in that

13  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

14  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

15  an amended complaint.

16       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20  there is some affirmative link or connection between a defendant's actions and the claimed

21  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

22  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

24  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

1   amended complaint be complete in itself without reference to any prior pleading.  This is

2   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

3   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

4   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

5   original complaint, each claim and the involvement of each defendant must be sufficiently

6   alleged.

7            Finally, this action is proceeding on plaintiff's claims resulting from actions taken

8   at the Sacramento County Jail.  Plaintiff shall omit all references to defendants living or working

9   in Fresno.  As noted above, plaintiff shall omit counts 1, 11, 15, 17 and 18 from any amended

10  complaint, as well as those counts for which the facts do not rise to the level of an Eighth

11  Amendment violation.  Plaintiff should include his factual assertions in the section where he is

12  raising his constitutional challenge; he need not first recite the litany of factual allegations and

13  then set forth separate counts.  Plaintiff should plead like claims together, as the court has done

14  above, to avoid undue repetition of legal standards.

15           In accordance with the above, IT IS HEREBY ORDERED that:

16           1. Plaintiff's complaint is dismissed.

17           2.  Within thirty days from the date of this order, plaintiff shall complete the

18  attached Notice of Amendment and submit the following documents to the court:

19                   a.  The completed Notice of Amendment; and

20                   b.  An original and one copy of the Amended Complaint.

21  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

22  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

23  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

24  file an amended complaint in accordance with this order will result in a recommendation that this

25  action be dismissed.

26  /////

1       3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

2 rights complaint.

3 DATED:  June 13, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; kabi0775.14

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TALAT MOHAMED KABIL,

11              Plaintiff,                    No. 2:08cv0775-FCD-JFM (PC)

12        vs.

13   JOHN MCGINESS, et al.,                   NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16           Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18           _____         Amended Complaint

19   DATED:

20

21                                   _____

22                                   Plaintiff

23

24

25

26

16