IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALAT MOHAMED KABIL,

    Plaintiff,                      No. 2:08-cv-0775 FCD JFM (PC)

    vs.

JOHN MCGINESS, et al.,          <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a former prison inmate proceeding pro se and in forma pauperis with a civil rights action. On November 4, 2008, the court recommended that plaintiff's action be dismissed based on plaintiff's failure to amend his complaint pursuant to this court's June 16, 2008 order.

        On November 12, 2008, plaintiff filed a document addressed to the Court Clerk and titled "Motion for Clarification and Reconsideration." Plaintiff contends he did not receive the court's July 16 [sic], 2008 order, but confirmed he received the August 22, 2008 order. Plaintiff inquires when he is supposed to submit his amended complaint.

        Plaintiff states he has a hard time communicating with the court and drafting his amended complaint because he is in Egypt. Plaintiff seeks reconsideration of the court's prior order denying appointment of counsel because he now lives in Egypt.

        However, the court record reflects that plaintiff has previously received two extensions of time and one set of findings and recommendations have been vacated since the

1

court advised plaintiff of his obligation to file an amended complaint on June 16, 2008. In this court's fifteen page screening order, plaintiff was provided detailed information concerning pleading standards for the nineteen counts alleged. Id. It is disingenuous for plaintiff to now ask, almost five months later, when he is supposed to file his amended complaint. Plaintiff has been on notice since June 16, 2008 of his obligation to file an amended complaint.

In addition, in the August 22, 2008 order, the court considered plaintiff had been deported to Egypt when addressing plaintiff's third request for appointment of counsel; plaintiff's third request was also denied. Other than moving to Egypt, plaintiff's circumstances have not changed and plaintiff has not provided an amended complaint that demonstrates his claims present exceptional circumstances that warrant the appointment of counsel at this time. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff's fourth request for appointment of counsel will be denied.

Finally, plaintiff was admonished that the two month extension of time granted in the August 22, 2008 order was the final extension of time that would be granted. Id. at 2. Plaintiff was cautioned that he is responsible for diligently prosecuting this action and warned that failure to timely file an amended complaint would result in a recommendation that this action be dismissed. Id. Plaintiff has failed to file an amended complaint, opting instead to make his fourth request for appointment of counsel, despite the court's prior orders denying such a request.

Review of the record demonstrates that plaintiff has failed to state a cognizable claim for relief. The complaint was 77 pages long, named 35 defendants, and was prolix and rambling, with a marked absence of notice of any potentially cognizable claim for relief. Without providing any additional information about the nature of any potential claim, plaintiff now seeks clarification and appointment of counsel. His requests will be denied. Moreover, for the reasons set forth infra, this action should be dismissed without prejudice.

/////

1          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

          In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for almost one year and plaintiff has yet to file a complaint that states a cognizable claim for relief. In addition, it is not clear from this record that plaintiff would not seek further delay. Plaintiff's failure to comply with this court's June 16, 2008 and August 22, 2008 orders suggests that he is not diligently prosecuting this action but choosing to delay, and that further time spent by the court thereon will consume scarce judicial resources.

          The third factor, prejudice to defendants, also weighs in favor of dismissal. Given plaintiff's professed inability to file an amended complaint without benefit of counsel, even assuming arguendo that an amended complaint stated at least one cognizable claim for relief, this action would be well over a year old before any defendant was served with process. While defendants can be required to defend claims that are remote in time, building that possibility in at the front of this action is unwarranted and unnecessary. The fourth factor is essentially neutral: while public policy favors disposition of cases on their merits, the record here is unclear as to whether plaintiff can state any potentially meritorious claim for relief. Finally, the fifth factor

/////

also favors dismissal.  The court has granted ample additional time to amend the complaint, to no avail.  The court finds no suitable alternative to dismissal of this action.

For all of the foregoing reasons, this court finds that this action should be dismissed without prejudice due to plaintiff's failure to comply with this court's orders requiring him to file an amended complaint within the extended deadline set in the court's August 22, 2008 order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 12, 2008 motion for clarification (docket no. 32) is denied;

2.  Plaintiff's fourth request for the appointment of counsel is denied;

3.  The November 4, 2008 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2008.

UNITED STATES MAGISTRATE JUDGE

001; kabi0775.fr